UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JOHN HOWES, *et al.*,                            )
                                                 )
                      Plaintiffs,                )   No. C07-1391RSL
         v.                                      )
                                                 )   ORDER DENYING DEFENDANT'S
CITY OF SEATTLE, *et al.*,                       )   MOTION TO DISMISS
                                                 )
                      Defendants.                )
_____)

This matter comes before the Court on "Defendant Detective Sharon Stevens' Motion to Dismiss for Violation of FRCP 4(m)." Dkt. # 22. Pursuant to Fed. R. Civ. P. 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiffs have not shown good cause in this case: they made no real effort to contact, much less serve, defendant until September 2008. A single phone call to the City's Human Resources Department at the outset of this litigation does not excuse a year long delay in service, especially after defendants provided a means through which defendant Stevens could be, and ultimately was, contacted. In such circumstances, the Court has the choice of extending the time in which service may be effected or dismissing the action without prejudice. Fed. R. Civ. P. 4(m); Henderson v. United States, 517 U.S. 654, 662-63 (1996); In re Sheehan, 253 F.3d 507, 512 (9th

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS

Cir. 2001).[1]

Having reviewed the pleadings, declarations, and exhibits submitted by the parties, defendant's motion to dismiss for defects in service is hereby DENIED. The Court prefers to resolve disputes on the merits, and plaintiffs' one year delay in serving defendant Stevens, while unexcused, is not extraordinary and has not prejudiced Stevens' ability to defend. Although discovery is set to close in early January 2009, defendant's counsel has been involved in this matter from the beginning and the litigation is not so far advanced that defendant lacks a meaningful opportunity to participate. The Court expects plaintiffs to make every effort to accommodate any additional discovery that defendant Stevens, individually, needs to undertake in this matter. If an extension of the discovery deadline is necessary, the parties may submit an appropriate stipulation and order. In addition, a dismissal without prejudice would likely result in two lawsuits involving the same underlying events and occurrences, giving rise to inefficiencies for all concerned and a risk of inconsistent verdicts.

Plaintiffs' citation to the record in the underlying criminal proceeding is irrelevant to the service issue before the Court and has not been considered.

//
//
//
//
//
//

---

[1] Defendant's opening memorandum contains misstatements of law and a disturbing lack of forthrightness. Contrary to defendant's argument at page 3, the Ninth Circuit has made it very clear that the district court has the discretion to extend the period of time in which to serve even if good cause has not been shown. See, e.g., Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007).

ORDER DENYING DEFENDANT'S
MOTION TO DISMISS                -2-

For all of the foregoing reasons, defendant Stevens' motion to dismiss for failure to serve within 120 days is DENIED.[2]

Dated this 24th day of November, 2008.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

---

[2] Both Mr. Connelly and Mr. Buck are experienced trial lawyers. As such, they are expected to conduct themselves, and to ensure that their co-counsel conduct themselves, in accordance with the principles embodied in the Washington State Bar Association Creed of Professionalism, a copy of which hangs in the undersigned's courtroom. The Court was disappointed and dismayed by the memoranda filed by the parties: in many ways, they fell far short of these governing principles. The Court will carefully peruse future filings and will not hesitate to sanction counsel whose conduct falls below the standards of professionalism this Court has a right to expect from the experienced lawyers in this case.