UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
JOHN HOWES, *et al.*,                )
               Plaintiffs,   )  No. C07-1391RSL
    v.                                   )
                                )  ORDER GRANTING IN PART
CITY OF SEATTLE, *et al.*,           )  DEFENDANTS' MOTION FOR
                                )  SUMMARY JUDGMENT
               Defendants.   )
_____)

        This matter comes before the Court on "Defendants' Motion for Partial Summary Judgment." Dkt. # 24. Plaintiffs claim that defendants violated their due process rights and falsely imprisoned plaintiff Ashley Howes when she was interrogated and confined during a criminal investigation in 2005. Defendants seek judgment on all of the claims asserted by Ashley's parents and on Ashley's state law claim of false imprisonment.

        Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

"specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

**A. CONSTITUTIONAL CLAIMS OF JOHN AND MARY HOWES**

Defendants argue that John and Mary Howes do not have standing to assert constitutional claims arising from wrongs done to their daughter, Ashley Howes. Plaintiffs appear to concede this point, but argue that the parents have a "constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of [their] child." Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991). The First Amended Complaint does not, however, allege such a claim. The first cause of action asserts "violations of Ashley Howes's Fourth, Fifth, and Fourteenth Amendments [sic] not to be deprived of life, liberty, or property with [sic] the due process of law." First Amended Complaint at ¶ 3.1. The second cause of action states that "Ashley Howes was unlawfully detained." First Amended Complaint at ¶ 3.2. No claim is asserted for the parents' loss of companionship with their child or interference with the parent-child relationship. When asked during discovery to state each legal claim the parents were asserting and the basis therefore, plaintiffs simply reiterated that John and Mary Howes' causes of action were premised on violations of Ashley's constitutional rights.

Plaintiffs' failed to "give the defendant[s] fair notice of what the plaintiff[s'] claim is and the grounds upon which it rests." Williams v. Boeing Co., 517 F.3d 1120, 1130 (9th Cir. 2008) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). The loss of

companionship claim raised, seemingly for the first time, in opposition to defendants' motion for partial summary judgment cannot proceed.

**B. CLAIM-FILING STATUTE**

RCW 4.96.020 requires potential claimants to present a claim for damages to local governmental entities, such as defendant City of Seattle, at least sixty days before commencing an action against the entity or its employees. In their motion, defendants state that "plaintiffs herein failed to file any claim pursuant to RCW 4.96.020." Motion at 4. Defendants did not provide evidence or identify portions of record that support this contention. In response, plaintiffs submitted correspondence which purports to show that a Tort Claim Form was mailed to the City Clerk's Office on April 2, 2007, more than a year before plaintiffs amended their complaint to add a state law claim. Decl. of Beauregard (Dkt. # 30).

Defendants argue that the Tort Claim Form was not properly submitted because, had it been personally delivered to the City Clerk's Office, it would have been time-stamped, assigned a claim number, and forwarded to the City of Seattle Department of Executive Administration. Decl. of Kathy Barnett (Dkt. # 39). But plaintiffs do not contend that they personally delivered a copy of the claim form to the City: rather, the evidence indicates that the form was mailed, in which case plaintiffs' copy of the form would not reflect alterations normally made by the Clerk's Office upon receipt.[1] The Court is unable to determine whether plaintiffs timely filed a Tort Claim Form based on the limited record presented by the parties.

---

[1] Defendants maintain that personal delivery of the claim is required by the statute, citing RCW 4.96.020(2) as support. That section of the statute requires that "[a]ll claims for damages . . . shall be presented to the agent . . . ." The method of presentation is not specified and defendants have not provided, and the Court has not found, any case law requiring personal delivery.

ORDER GRANTING IN PART DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT        -3-

**C. STATUTE OF LIMITATIONS REGARDING FALSE IMPRISONMENT CLAIM**

Plaintiff Ashley Howes has asserted a false imprisonment claim. Although such claims normally must be filed within two years of the incident, Ashley is a minor against whom the limitations period does not run. RCW 4.16.190. Thus, the statute of limitations does not bar plaintiff's false imprisonment claim.

For all of the foregoing reasons, defendants' motion for partial summary judgment is GRANTED in part and DENIED in part. Plaintiffs John and Mary Howes failed to give fair notice of their loss of companionship claim: that claim is therefore DISMISSED. Defendants' motion for judgment on plaintiff Ashley Howes' false imprisonment claim is DENIED.

Dated this 5th day of January, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge