UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN HOWES, *et al.*,

        Plaintiffs,

    v.

CITY OF SEATTLE, *et al.*,

        Defendants.

No. C07-1391RSL

ORDER DENYING PLAINTIFFS'
MOTIONS FOR RECONSIDERATION
AND LEAVE TO AMEND

        This matter comes before the Court on plaintiffs' "Motion for Reconsideration re: Dismissal of John and Mary Howes" (Dkt. # 45) and plaintiffs' "Motion to Amend" (Dkt. # 47). On January 5, 2009, the Court dismissed the individual claims of John and Mary Howes because plaintiffs' failed to give the defendants fair notice that they were asserting a loss of companionship claim. Dkt. # 44. Plaintiffs argue that the dismissal was in error because their claim for "general damages" and one of their discovery responses apprised defendants of the nature of John and Mary Howes' claim.

        Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). Plaintiffs have not met their burden. In response to defendants' motion for partial summary judgment, plaintiffs conceded that John and Mary Howes do not have standing to assert constitutional claims arising from wrongs done to their daughter, Ashley Howes. The

ORDER DENYING PLAINTIFFS' MOTIONS FOR
RECONSIDERATION AND LEAVE TO AMEND

parents argued, however, that they could pursue their "constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of [their] child." Curnow v. Ridgecrest Police, 952 F.2d 321, 325 (9th Cir. 1991). After reviewing the First Amended Complaint, the Court found that plaintiffs had alleged causes of action arising only out of injuries suffered by Ashley Howes: no direct causes of action were alleged on behalf of the parents. The demand for unspecified general damages did not provide notice of a claim for loss of companionship or the factual basis therefore: defendants would have no reason to suspect that plaintiffs would seek damages, general or otherwise, for a claim that was not asserted. Nor did plaintiffs' discovery response cure the deficiency identified by the Court. Assuming, for purposes of this motion, that a discovery response can provide sufficient notice under Fed. R. Civ. P. 8(a), the answer set forth in the Declaration of Beauregard (Dkt. # 46) does not seek damages for loss of companionship. The parents' injuries, as recited in the discovery response, arose from observing the emotional pain and trauma suffered by Ashley Howes and from having to rearrange their lives to provide the required supervision for and support to their daughter. Plaintiffs have not shown manifest error in the Court's prior ruling. Their motion for reconsideration is therefore DENIED.

In the alternative, plaintiffs seek leave to amend their complaint to define general damages as "including loss of consortium for John and Mary Howes stemming from the violation of Ashely's [sic] rights." Dkt. # 47 at 2. Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). Where plaintiffs seek to amend their pleading after the deadline established in the case management order, however, the moving party must show good cause for modifying the deadline. Fed. R. Civ. P. 16(b)(4); Dkt. # 13.

Defendants argue that the proposed amendment should be rejected because of undue delay, prejudice, and futility and that, even if amendment were appropriate under the Kaplan factors, plaintiffs have failed to show good cause to extend the August 6, 2008, deadline for amending pleadings. The Court finds that the proposed amendment is unjustifiably late, that allowing the amendment would prejudice defendants, and that plaintiffs have not shown good cause. At the time plaintiffs filed their complaint, they were necessarily aware of all facts giving rise to the claim they now seek to add through amendment. Nevertheless, both causes of action alleged in the complaint were premised on violations of Ashley's constitutional rights. If, as plaintiffs now contend, they intended to assert a claim for loss of companionship on behalf of John and Mary Howes when the original complaint was filed, the failure to do so was simply careless. Such carelessness does not justify adding a claim after discovery has closed and summary judgment has been granted.

In addition, permitting plaintiffs to add a new claim against defendants at this point in the litigation would be unduly prejudicial. Defendants conducted discovery aimed at the claims presented in the original complaint. They were put to the expense and effort of filing a successful summary judgment motion in order to resolve John and Mary Howes' individual claims. Although a brief extension of the discovery deadline will be granted to allow defendants to depose Ashley Howes, discovery officially closed on January 4, 2009. Reopening discovery so that defendants can probe the factual basis for John and Mary Howes' loss of companionship claim and the damages arising therefrom would cause further delay and expense that could have and should have been avoided. Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). Plaintiffs cannot remedy their failure to assert a loss of companionship claim in their complaint or to amend the pleading before the time specified in the case management order by adding a new claim at this late date.

For all of the foregoing reasons, plaintiffs' motion for reconsideration (Dkt. # 45) and their motion to amend (Dkt. # 47) are DENIED.

Dated this 4th day of February, 2009.

*[signature]*

Robert S. Lasnik
United States District Judge